UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:15-cr-199 |
| -vs- | JUDGE DRELL |
| HAROLD JUMALE ANDERSON JR | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion") filed *pro se* by Defendant Harold Jumale Anderson Jr. ("Anderson"). (Doc. 53) For the following reasons, the Motion is **DENIED**.

**I.   BACKGROUND**

On September 23, 2015, Anderson was charged with possession with intent to distribute 500 or more grams of methamphetamine ("Count 1"), possession of a firearm in furtherance of drug trafficking ("Count 2"), and possession of a firearm by a felon ("Count 3"). (Doc. 2). On April 26, 2016, Anderson entered a plea of guilty to Counts 1 and 2 of the indictment pursuant to a plea agreement. (Docs. 32 and 34). Count 3 was dismissed by oral order on July 20, 2016. (Doc. 39). That same day, Anderson was sentenced to 151 months of imprisonment with credit for time served in the custody of the U.S. Marshal Service on Count 1 and 60 months of imprisonment to run consecutively with Count 1 on Count 2. (Id.). On February 26, 2024, Anderson filed a motion to reduce sentence (Doc. 47), which this Court denied. (Docs. 51 and 52). On June 26, 2024, Anderson filed the present Motion seeking to vacate his conviction as to Count 2. (Doc. 53).

Anderson contends that the recent decisions in <u>New York State Rifle & Pistol Ass'n. Inc. vs. Bruen</u>, 597 U.S. 1, 142 S. Ct. 2111 (2022), and <u>United States vs. Rahimi</u>, 61 F. 4th 443 (5th Cir. 2023) warrant dismissal because "the Government cannot show a historical tradition of categorically disarming felons." (<u>Id.</u>).[1] Anderson was not convicted of possession of a firearm by a felon, Count 3. He was convicted of possession of a firearm in furtherance of drug trafficking, Count 2. Nevertheless, we consider the applicability of recent U.S. Supreme Court precedent to his conviction under Count 2.

## II.   LAW AND ANALYSIS

"A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the motion, files, and records of the case "conclusively show that the prisoner is entitled to no relief" the Court is not required to notify the United States attorney or hold a hearing on the motion. <u>Id.</u> at (b). A § 2255 motion must be filed within one year of the latter of (1) the date the conviction becomes final, (2) the date in which an impediment to making the motion created by governmental action is removed, (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,

---

[1] It must be noted that the Fifth Circuit decision in <u>Rahimi</u> relied upon by Anderson was vacated just a few days before he filed the instant Motion.

or (4) the date that facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Anderson was convicted and was sentenced in 2016. He does not allege any governmental action impeded his ability to make a § 2255 motion, and no new facts have been discovered. The only basis upon which he can assert a claim pursuant to § 2255 is by filing within one-year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). His motion was filed on February 26, 2024, meaning that the Supreme Court must have newly recognized a right and made that right retroactively applicable to cases on collateral review after February 26, 2023.

The United States Supreme Court has recently issued several decisions relating to the regulation of firearm possession by various classes of individuals. New York State Rifle & Pistol Ass'n. Inc. vs. Buren, established that gun restrictions are only appropriate when they are consistent with the Nation's historical tradition of firearm regulation. 597 U.S. 1, 17, 142 S. Ct. 2111, 2126 (2022). The Court emphasized that its decision in District of Columbia vs. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), and McDonald vs. Chicago, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense." 597 U.S. at 8, 142 S. Ct. at 2122 (emphasis added). In Bruen, the Supreme Court ultimately held that "*law-abiding* citizens have a similar right to carry handguns publicly for their self-defense." Id. (emphasis added). Unfortunately for Anderson, Bruen was issued on June 23, 2022, outside of the applicable period for which Anderson could get relief.

United States vs. Rahimi established that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 144 S. Ct. 1889, 1903 (2024). Although the Supreme Court did not discuss whether the defendant in Rahimi was a "law-abiding" citizen as it had previously in Bruen, McDonald, and Heller, it was clear that Rahimi was not. See Id. at 1894-95. The court emphasized that the restraining order triggering applicability of 18 U.S.C. 922(g)(8)'s firearm ban "found that Rahimi presented a credible threat and prohibited him from using physical force against [the restraining order applicant]." Id. at 1931. Rahimi walked back the broad language of Bruen to hold that persons against whom a restraining order had been granted do not possess the right to keep firearms. That is, Rahimi did not recognize a new right and make it retroactive. Rahimi recognized an existing right and limited it.

In the present matter, Anderson pleaded guilty to possession of a firearm in furtherance of drug trafficking violating 18 U.S.C. 924(c)(1)(A). He also pleaded guilty to possession with intent to distribute 500 or more grams of methamphetamine. Anderson is not amongst the "law-abiding" citizens contemplated by Bruen, Heller, or McDonald. Even if he were, his § 2255 motion would be untimely in relying on any of those cases. Bruen does not stand for the proposition that possessing a firearm to further criminal conduct has been historically protected and Anderson cites to no authority holding as much. Rahimi stands for the proposition that persons who constitute a credible threat to others are within the purview of the historical tradition of firearm regulation.

Accordingly, Anderson's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 17th day of October 2024.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**